UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| GEORGE WRIGHT | CIVIL ACTION NO. 10-337-P |
| VERSUS | JUDGE HICKS |
| TIMOTHY WILLIAMS, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff George Wright ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on February 22, 2010. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He claims his civil rights were violated by prison officials. He names Timothy Williams, Jerry Goodwin, James LeBlanc, and the Louisiana Department of Public Safety and Corrections as defendants.

Plaintiff claims that on February 7, 2010, Captain Timothy Williams forced him to work in the cold weather. He claims Captain Williams threatened to lock him down if he refused to work in the cold weather. He claims working in the cold made him very sick. He claims he lost his appetite, had trouble sleeping, and lost a great amount of weight. He claims he was charged a medical fee.

Plaintiff claims his requests for winter items were refused. He claims other offenders at David Wade Correctional Center were issued winter clothes. He claims his equal protection rights were violated.

Plaintiff claims that on January 5, 2010, he filed a grievance in the administrative remedy procedure because Captain Williams forced him to go out in the cold weather and denied him a sweatshirt and knit cap. Plaintiff claims that on January 9, 2010, Captain Williams issued him a rule violation report for property destruction because he used a sheet as a tablecloth which was covered in graffiti and torn in half. Plaintiff claims Captain Williams retaliated against him because he filed a grievance against him on January 5, 2010.

As relief, Plaintiff seeks monetary compensation.

## LAW AND ANALYSIS

**Conditions of Confinement**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement ensuring that inmates receive adequate food, clothing, shelter and medical care and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S.

825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Furthermore, this Court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court recently defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979.

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that the Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Plaintiff alleges that he was denied a sweatshirt and knit cap. Plaintiff also alleges that he was forced to go out into the cold and work in the cold weather on February 7, 2010. Plaintiff complains that as a result of the conditions of his confinement, he was very sick and suffered from loss of appetite,

sleeplessness, and weight loss. After considering the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement, this court finds that the facts alleged do not support a finding that the Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Plaintiff fails to specify the outdoor temperatures during this period of time and the duration of time he was allegedly subjected to the cold temperatures. Furthermore, Plaintiff fails to specify what clothing he was wearing when he was subjected to the cold temperatures. Plaintiff also fails to allege what illness he contracted as a result of being subjected to the cold temperatures. The court does not consider the deprivation alleged to be sufficiently serious. Thus, Plaintiff's claim has failed to satisfy the first requirement of an Eighth Amendment claim.

Accordingly, Plaintiff's conditions of confinement claims lack an arguable basis in law and should be dismissed with prejudice as frivolous.

**Retaliation**

Plaintiff claims Captain Williams filed a disciplinary report against him in retaliation for his filing of a grievance in the administrative remedy procedure regarding the conditions of his confinement. To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident--such as the filing of the disciplinary report-- would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50

L.Ed.2d 471 (1977).

Plaintiff's allegations that he was retaliated against by Captain Williams are unconvincing. The retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no evidence that "but for" this motive, the disciplinary report would not have been filed. Furthermore, Plaintiff admits the sheet was covered in graffiti. Accordingly, these actions by Captain Williams do not implicate any constitutional rights.

Accordingly, Plaintiff's retaliation claims lack an arguable basis in law and should be dismissed with prejudice as frivolous.

**Equal Protection**

In his complaint, Plaintiff alleges he was not issued a sweatshirt and knit cap while other inmates were issued a sweatshirt and knit cap. In order to state a claim under the Equal Protection Clause, Plaintiff must allege the Defendants intentionally discriminated against him because of membership in a protected class. Johnson v. Morel, 876 F.2d 477, 479 (5th Cir. 1989), abrogated on other grounds, Harper v. Harris County, Tex., 21 F.3d 597 (5th Cir. 1994). Prisoners are not a suspect class for purposes of constitutional protection. Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir.1998). Furthermore, as discussed above, Plaintiff has failed to establish that Defendants deprived him of an established right. Also, Plaintiff has failed to allege that Defendants purposefully discriminated against him. Thus, Plaintiff has failed to demonstrate that his equal protection rights were violated.

Accordingly, Plaintiff's claim that he was denied the right to equal protection by Defendants should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 29 day of November 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE